UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EVERWISE CREDIT UNION f/k/a TEACHERS CREDIT UNION<br><br>*Plaintiff*,<br><br>vs.<br><br>G SIX CONSULTING LLC; DEMETRIUS J. GIBSON; MARIA M. GIBSON; DEMETRIUS J. GIBSON, as Trustee of The Demetrius J. Gibson Living Trust dated May 31, 2018; MARIA M. GIBSON, as Trustee of the Maria M. Gibson Living Trust dated May 31, 2018; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and BARRINGTON BANK & TRUST COMPANY, N.A.<br><br>*Defendants*. | Case No. |

## COMPLAINT

COMES NOW Plaintiff, Everwise Credit Union f/k/a Teachers Credit Union, by counsel, and states the following cause of action for Judgment on the Note; Judgement on the Guaranty; Foreclosure of Security Interest; Mortgage Foreclosure; and other relief.

## PARTIES AND JURISDICTION

1. Plaintiff is a corporation organized under the laws of the state of Indiana having its principal place of business in South Bend, Indiana.

2. G Six Consulting LLC ("G Six") is a limited liability company organized under the laws of the state of Illinois with a principal place of business located in Hoffman Estates, Illinois. G Six's members are Demetrius J. Gibson and Maria M. Gibson.

1

3. Demetrius J. Gibson (hereinafter, "Demetrius") is a citizen of the state of Illinois.

4. Maria M. Gibson (hereinafter, "Maria") is a citizen of the state of Illinois.

5. Demetrius J. Gibson, serves as Trustee of The Demetrius J. Gibson Living Trust (hereinafter, the "Demetrius Trust"). As set forth above, Defendant Demetrius J. Gibson is a citizen of the state of Illinois.

6. Defendant Maria M. Gibson, serves as Trustee of The Maria M. Gibson Living Trust (hereinafter, the "Maria Trust"). As set forth above, Defendant Maria M. Gibson is a citizen of the state of Illinois.

7. Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") is a corporation organized under the laws of the state of Delaware having its principal place of business in Reston, Virginia. MERS has been named as a defendant to assert any interest it may have in the Real Estate (as defined herein).

8. Defendant Barrington Bank & Trust Company, N.A. ("Barrington") is a corporation organized under the laws of the state of Illinois having its principal place of business in Rosemont, Illinois. Barrington has been named as a defendant to assert any interest it may have in the Real Estate.

9. The events giving rise to this litigation took place in the state of Indiana.

10. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that complete diversity exists between the parties and the amount in controversy exceeds $75,000.00.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and by agreement of the Parties.

## CAUSES OF ACTION

### COUNT I
(Judgment on the Note – G Six)

12. Plaintiff realleges and incorporates by reference paragraphs 1 through 11 above as if fully set forth herein.

13. On or about December 13, 2022, G Six executed a Business Loan Agreement in favor of Plaintiff. A true and accurate copy of the Business Loan Agreement is attached hereto, marked as Exhibit "1" and made a part hereof.

14. Pursuant to the Business Loan Agreement, on or about December 13, 2022, G Six executed a Note in favor of Plaintiff in the original principal amount of Six Hundred Thousand and 00/100 Dollars ($600,000.00). A true and accurate copy of the Note is attached hereto, marked as Exhibit "2" and made a part hereof.

15. Pursuant to the terms of the Business Loan Agreement and the Note, upon the occurrence of an event of default, all or any part of the entire indebtedness represented by the Note, at the option of Plaintiff, shall become immediately due and payable without notice or demand.

16. G Six defaulted on the Note by failing to pay amounts due and owing to Plaintiff amongst other defaults.

17. Pursuant to its rights under the Business Loan Agreement and Note, by letter dated August 7, 2023, Plaintiff provided notice to G Six (and the guarantors and mortgagors) that it was accelerating and demanding all indebtedness due and payable. A true and accurate copy of the Note is attached hereto, marked as Exhibit "3" and made a part hereof.

18. On or about November 29, 2023, Plaintiff entered into a Forbearance Agreement, as amended, with G Six, Demetrius, Maria, the Demetrius Trust, and the Maria Trust whereupon Plaintiff agreed to forbear from exercising its rights and remedies under the loan documents. A true and accurate copy of the Forbearance Agreement, as amended, is attached hereto, marked as Exhibit "4" and made a part hereof.

19. G Six, Demetrius, Maria, the Demetrius Trust, and the Maria Trust acknowledged in the Forbearance Agreement that all amounts under the loan from Plaintiff were due and owing.

20. G Six, Demetrius, Maria, the Demetrius Trust, and the Maria Trust acknowledged in the Forbearance Agreement that events of default had occurred and were continuing under the loan documents, including but not limited to payment defaults.

21. The forbearance period ended on September 30, 2025.

22. As of December 15, 2025, the amount due and owing under the Note from G Six to Plaintiff totaled Seven Hundred Eighty-One Thousand Five Hundred Seventy-Six and 34/100 Dollars ($781,576.34). Interest continues to accrue thereon at a rate of One Hundred Fifty and 17/100 Dollars ($150.17) per diem.

23. G Six has failed to cure its default despite notice of the default.

24. Plaintiff has been required to hire counsel to collect the debt and file this action because of G Six's default on its obligations.

25. G Six is obligated to Plaintiff for all expenses and attorneys' fees incurred by Plaintiff in collecting on the obligations pursuant to the terms of the Business Loan Agreement.

## COUNT II
(Judgment on the Guaranty – Demetrius J. Gibson)

26. Plaintiff realleges and incorporates by reference paragraphs 1 through 25 as if fully set forth herein.

27. On or about December 13, 2022, Demetrius executed an Unconditional Guaranty pursuant to which he unconditionally guaranteed all indebtedness and obligations owed by G Six to Plaintiff. A true and accurate copy of Demetrius' Unconditional Guaranty is attached hereto, marked as Exhibit "5" and made a part hereof.

28. Pursuant to the terms and provisions of his Unconditional Guaranty, Demetrius agreed to make prompt payment in the event of a default by G Six upon its obligations to Plaintiff.

29. As set forth in Count I, G Six defaulted on its obligations to Plaintiff by reason of its failure, and continuing failure, to pay amounts due and owing to Plaintiff under the terms of the Note amongst other defaults.

30. On or about August 7, 2023, Demetrius received notice of G Six's default.

31. Notwithstanding notice of the default, Demetrius has failed to cure such default as required by his Unconditional Guaranty.

32. As of December 15, 2025, the amount due and owing from Demetrius to Plaintiff totaled Seven Hundred Eighty-One Thousand Five Hundred Seventy-Six and 34/100 Dollars ($781,576.34). Interest continues to accrue thereon at a rate of One Hundred Fifty and 17/100 Dollars ($150.17) per diem.

33. Plaintiff is forced to maintain this action and incur costs and attorney fees as a result of Demetrius' failure to satisfy his obligations to Plaintiff.

34. Plaintiff is entitled to recover its costs and attorneys' fees in addition to the amount guaranteed.

## COUNT III
(Judgment on the Guaranty – Maria M. Gibson)

35. Plaintiff realleges and incorporates by reference paragraphs 1 through 34 as if fully set forth herein.

36. On or about December 13, 2022, Maria executed an Unconditional Guaranty pursuant to which she unconditionally guaranteed all indebtedness and obligations owed by G Six to Plaintiff. A true and accurate copy of Maria's Unconditional Guaranty is attached hereto, marked as Exhibit "6" and made a part hereof.

37. Pursuant to the terms and provisions of her Unconditional Guaranty, Maria agreed to make prompt payment in the event of a default by G Six upon its obligations to Plaintiff.

38. As set forth in Count I, G Six defaulted on its obligations to Plaintiff by reason of its failure, and continuing failure, to pay amounts due and owing to Plaintiff under the terms of the Note amongst other defaults.

39. On or about August 7, 2023, Maria received notice of G Six's default.

40. Notwithstanding notice of the default, Maria has failed to cure such default as required by her Unconditional Guaranty.

41. As of December 15, 2025, the amount due and owing from Maria to Plaintiff totaled Seven Hundred Eighty-One Thousand Five Hundred Seventy-Six and 34/100 Dollars ($781,576.34). Interest continues to accrue thereon at a rate of One Hundred Fifty and 17/100 Dollars ($150.17) per diem.

42. Plaintiff is forced to maintain this action and incur costs and attorney fees as a result of Maria's failure to satisfy her obligations to Plaintiff.

43. Plaintiff is entitled to recover its costs and attorneys' fees in addition to the amount guaranteed.

### COUNT IV
(Foreclosure of Security Interest – G Six)

44. Plaintiff realleges and incorporates by reference paragraphs 1 through 43 as if fully set forth herein.

45. To secure its obligations to Plaintiff under the Business Loan Agreement and Note, G Six granted Plaintiff a first-priority security interest in certain collateral, specifically, a first-priority security interest in all of its equipment, fixtures, inventory, accounts, chattel paper, and general intangibles (the "Collateral") pursuant to a Security Agreement it executed in favor of Plaintiff on December 13, 2022. A true and accurate copy of the Security Agreement is attached hereto, marked as Exhibit "7" and made a part hereof.

46. Plaintiff properly perfected its security interest in the Collateral.

47. Pursuant to the terms of the Loan Documents and applicable law, Plaintiff is entitled to foreclose its security interest against the Collateral, to take immediate possession, dispose of, and/or sell the Collateral, and to apply the proceeds from said sale, or the amounts so collected, to Plaintiff's expenses and to the obligations secured by the loan documents.

48. Plaintiff has a first, perfected security interest in, and to, the Collateral. Upon information and belief, the foreclosure and lien rights of any other person or entity whose interest in, or lien upon, the Collateral is sought to be terminated in this action.

## COUNT V
(Foreclosure of Mortgage – Demetrius Trust & Maria Trust)

49. Plaintiff realleges and incorporates by reference paragraphs 1 through 48 as if fully set forth herein.

50. At all relevant times the Demetrius Trust and Maria Trust have been the owner of certain real estate located in Cook County, Illinois, commonly known as 644 Wainsford Dr., Hoffman Estates, Illinois 60169-4544 (the "Real Estate").

51. In order to secure G Six's obligations due to Plaintiff under the Note, on February 22, 2023, the Demetrius Trust and Maria Trust executed a Mortgage wherein they granted Plaintiff a mortgage lien on, and security interest in, the Real Estate. The Mortgage has a cap of Four Hundred Thirty-Five Thousand and 00/100 Dollars ($435,000.00).

52. The Mortgage was recorded with the Cook County Clerk on March 27, 2023, as Instrument No. 2308646131. A true and accurate copy of the Mortgage is attached hereto, marked as Exhibit "8" and made a part hereof.

53. By virtue of G Six's default, Plaintiff is entitled to foreclose on the Mortgage, to take immediate possession, dispose of, and/or sell the Real Estate, and to apply the proceeds from the sale,

or the amounts so collected, to Plaintiff in partial or whole satisfaction of the obligations secured by the Mortgage.

54. Pursuant to the terms of the Mortgage, Plaintiff is entitled to recover its costs and attorneys' fees in this action.

55. MERS has been named hereunder to answer as to its interests, if any, in the Real Estate.

56. Barrington has been named hereunder to answer as to its interests, if any, in the Real Estate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Everwise Credit Union f/k/a Teachers Credit Union prays for the following relief:

A. For judgment in its favor and against Defendants G Six Consulting LLC, Demetrius J. Gibson, and Maria M. Gibson, jointly and severally, in the amount of Seven Hundred Eighty-One Thousand Five Hundred Seventy-Six and 34/100 Dollars ($781,576.34) plus prejudgment interest, post-judgment interest, attorneys' fees and the costs of this action;

B. For an Order of the Court: (1) declaring that Plaintiff has a valid, first-priority security interest in the Collateral; (2) granting Plaintiff immediate possession of the Collateral; and (3) entitling Plaintiff to foreclose on its security interest in the Collateral;

C. For an Order of the Court: (1) declaring that Plaintiff's mortgage on the Real Estate as set forth in Count V is a valid mortgage and determining the relative order of priority regarding Plaintiff's Mortgage and any interest in the Real Estate held by MERS and Barrington; (2) entering an Order for foreclosure of the Real Estate; (3) directing the sale of the Real Estate by Cook County, Illinois Sheriff Sale to pay the amount secured by Plaintiff's Mortgage and further that Plaintiff be empowered to credit bid all or any portion of its judgment entered herein for the Real Estate, or any part thereof, said sale to be made without relief

from valuation and appraisement laws; and (4) entering an Order that the sale proceeds be used in satisfaction of the indebtedness owed to Plaintiff; and

D. All other just and proper relief.

                                                */s/ Sean M. Towner*
Sean M. Towner (29082-71)
Matthew J. Anderson (27511-71)
Attorneys for Plaintiff

**MAY OBERFELL LORBER, LLP**
4100 Edison Lakes Parkway
Suite 100
Mishawaka, IN 46545
Phone: (574) 243-4100
Fax: (574) 232-9789

9